AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

### OFFENSE CHARGED

Count 1: 18 U.S.C. 371 - Conspiracy
Counts 2-3: 18 U.S.C. 1033(a) - Insurance Fraud False
Statements
Counts 4-5: 18 U.S.C. 1033(b) - Insurance Fraud
Misappropriation
Counts 6-7: 18 U.S.C. 1344 - Bank Fraud

☐ Petty
☐ Minor
☐ Misde-
  meanor
☒ Felony

PENALTY:  See Attached.

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DEFENDANT - U.S

~~SEALED BY ORDER
OF THE COURT~~

Jasbir S. Thandi

DISTRICT COURT NUMBER

CR 23 0428 JST

---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

United States Postal Inspection Service

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

} SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

} MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

}

Name and Office of Person
Furnishing Information on this form     Ismail J. Ramsey

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     David Ward & Abraham Fine

---

DEFENDANT

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

FILED

IS IN CUSTODY

NOV 16 2023

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ Federal  ☐ State

Has detainer  ☐ Yes
been filed?  ☐ No

} If "Yes"
give date
filed

DATE OF
ARREST ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY ▶

Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount: No Bail

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

*United States v. Thandi et al.*

**PENALTY SHEET**

**JASBIR S. THANDI**

COUNT 1: 18 U.S.C. 371 – Conspiracy to Commit Insurance Fraud
Maximum Penalties:  5 years imprisonment
3 years supervised release
$250,000 fine
$100 special assessment
Restitution
Forfeiture

COUNTS 2-5: 18 U.S.C. 1033(a) and (b) – Insurance Fraud
Maximum Penalties:  10 years imprisonment (or 15 years if the fraud jeopardized the safety and soundness of an insurer and was a significant cause of such insurer being placed in conservation, rehabilitation, or liquidation by an appropriate court).
3 years supervised release
$250,000 fine
$100 special assessment
Restitution
Forfeiture

COUNTS 6-7: 18 U.S.C. 1344 – Bank Fraud
Maximum Penalties:  30 years imprisonment
3 years supervised release
$1,000,000 fine
$100 special assessment
Restitution
Forfeiture

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

### OFFENSE CHARGED

Count 1: 18 U.S.C. 371 - Conspiracy
Counts 2-3: 18 U.S.C. 1033(a) - Insurance Fraud False
Statements

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY:    See Attached.

### DEFENDANT - U.S

SEALED BY ORDER
OF THE COURT

► Sandeep Sahota

DISTRICT COURT NUMBER

CR 23 0428 JST

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

United States Postal Inspection Service

☐ person is awaiting trial in another Federal or State Court,
   give name of court

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion
   of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
   pending case involving this same
   defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this
   defendant were recorded under

Name and Office of Person
Furnishing Information on this form    Ismail J. Ramsey

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    David Ward & Abraham Fine

### DEFENDANT

IS *NOT* IN CUSTODY
   Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
      summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

FILED

NOV 16 2023 BAR

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes    If "Yes"
been filed?   ☐ No      give date
                        filed        Month/Day/Year

DATE OF                 Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ►    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                      Before Judge:

Comments:

*United States v. Thandi et al.*

**PENALTY SHEET**

**SANDEEP SAHOTA**

COUNT 1: 18 U.S.C. 371 – Conspiracy to Commit Insurance Fraud
Maximum Penalties:  5 years imprisonment
                    3 years supervised release
                    $250,000 fine
                    $100 special assessment
                    Restitution
                    Forfeiture


COUNTS 2-3: 18 U.S.C. 1033(a) – Insurance Fraud
Maximum Penalties:  10 years imprisonment (or 15 years if the fraud jeopardized the safety and
                    soundness of an insurer and was a significant cause of such insurer being
                    placed in conservation, rehabilitation, or liquidation by an appropriate
                    court).
                    3 years supervised release
                    $250,000 fine
                    $100 special assessment
                    Restitution
                    Forfeiture

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

### OFFENSE CHARGED

Count 1: 18 U.S.C. 371 - Conspiracy
Counts 2-3: 18 U.S.C. 1033(a) - Insurance Fraud False Statements

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attached.

─ **DEFENDANT - U.S**

*SEALED BY ORDER OF THE COURT*

▸ Jaspreet Padda

DISTRICT COURT NUMBER

CR 23 0428 JST

### DEFENDANT

#### IS *NOT* IN CUSTODY

Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▸ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

*FILED*

NOV 16 2023 *BA*

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
   } ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution _____

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

United States Postal Inspection Service

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person
Furnishing Information on this form     Ismail J. Ramsey

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     David Ward & Abraham Fine

Has detainer ☐ Yes   If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST ▸      Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▸   Month/Day/Year
TO U.S. CUSTODY _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments:

*United States v. Thandi et al.*

**PENALTY SHEET**

**JASPREET PADDA**

COUNT 1: 18 U.S.C. 371 – Conspiracy to Commit Insurance Fraud
Maximum Penalties:  5 years imprisonment
3 years supervised release
$250,000 fine
$100 special assessment
Restitution
Forfeiture


COUNTS 2-3: 18 U.S.C. 1033(a) – Insurance Fraud
Maximum Penalties:  10 years imprisonment (or 15 years if the fraud jeopardized the safety and
soundness of an insurer and was a significant cause of such insurer being
placed in conservation, rehabilitation, or liquidation by an appropriate
court).
3 years supervised release
$250,000 fine
$100 special assessment
Restitution
Forfeiture

# United States District Court

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

---

UNITED STATES OF AMERICA,

V.

JASBIR S. THANDI, SANDEEP SAHOTA,
and JASPREET PADDA,

**FILED**

NOV 16 2023 *BAL*

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT(S).

---

**JST**

## INDICTMENT

**CR 23 0428**

SEALED BY ORDER
OF THE COURT

18 U.S.C. § 371 – Conspiracy to Commit Insurance Fraud;
18 U.S.C. § 1033(a) – Insurance Fraud – False Statements;
18 U.S.C. § 1033(b) – Insurance Fraud –Embezzlement;
18 U.S.C. § 1344(1), (2) – Bank Fraud;
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –Forfeiture Allegation

---

A true bill.

*/s/ Foreperson of the Grand Jury*

Foreman

---

Filed in open court this 16th day of November 2023.

Clerk  11/16/23

Magistrate Judge, Kandis A. Westmore

~~Bail, $ NO PROCESS.~~
No Bail Arrest Warrants

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

**F I L E D**

NOV 1 6 2023 *BAR*

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER
OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**JST**

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JASBIR S. THANDI, SANDEEP SAHOTA,<br>and JASPREET PADDA,<br><br>      Defendants. | CASE NO. **CR 23 0428**<br><br>VIOLATIONS:<br>18 U.S.C. § 371 – Conspiracy to Commit Insurance Fraud;<br>18 U.S.C. § 1033(a) – Insurance Fraud – False Statements;<br>18 U.S.C. § 1033(b) – Insurance Fraud – Misappropriation;<br>18 U.S.C. § 1344(1), (2) – Bank Fraud;<br>18 U.S.C. § 2 – Aiding and Abetting;<br>18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation<br><br>OAKLAND VENUE |

I N D I C T M E N T

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1.     Global Hawk Risk Retention Group ("Global Hawk") was a Vermont-domiciled insurance company and Risk Retention Group with its headquarters and business operations in Livermore, California. Global Hawk's primary business was providing automobile liability insurance coverage for truck drivers and small trucking companies. Global Hawk's activities affected interstate commerce.

INDICTMENT

2.      Risk Retention Groups ("RRGs") are a type of insurance company where members with similar insurance needs pool their capital and share their insurance risks under the umbrella of an RRG. Each insured is a member of the RRG and makes a capital contribution.  RRGs are regulated by state insurance regulators.

3.      Defendant JASBIR S. THANDI was the president and treasurer of Global Hawk and owned or controlled the majority of its shares.  Defendant SANDEEP SAHOTA was a vice president and secretary of Global Hawk.  Both THANDI and SAHOTA served on Global Hawk's board.  At all times relevant to this indictment, THANDI, as the president and treasurer, and SAHOTA, as the vice president and secretary, managed and controlled Global Hawk.

4.      As a risk-retention group domiciled in Vermont, Global Hawk was regulated by the Vermont Department of Financial Regulation ("Vermont DFR").  The Vermont DFR, among other duties, oversees and regulates insurance companies domiciled in Vermont.  The Vermont DFR accomplishes its goals by performing ongoing financial surveillance, periodic financial examinations, and implementing and enforcing insurance laws and regulations.

5.      An insurance company domiciled in Vermont is required by the Vermont DFR to hire a Vermont-based company as a captive manager.  Under Vermont DFR insurance regulations, Vermont-domiciled insurance companies must have a captive manager who monitors the insurance company and files periodic reports with the Vermont DFR.

6.      To comply with regulations set by the Vermont DFR, Global Hawk was required to meet certain capitalization requirements and to file quarterly and annual financial statements with the Vermont DFR.  These financial statements required Global Hawk to accurately list and total its assets and liabilities.  The purpose of these financial statements and capitalization requirements was to ensure that Global Hawk had sufficient assets and cash-on-hand to fund potential insurance claims.

7.      Management Company 1 was the captive manager for Global Hawk in Vermont from 2014 until May 2020.  Management Company 1 was owned and operated by Witness 1.  As Global Hawk's captive manager, Witness 1 helped compile Global Hawk's annual filings relying on and based on documents and statements provided by THANDI and SAHOTA.  These financial statements were submitted to the Vermont DFR.

8.    Global Century Insurance Brokers Inc. ("GCIB") was a licensed insurance broker in California. GCIB sold, wrote, and issued insurance on behalf of Global Hawk in the State of California as well as other states. GCIB received an approximately 17.5% commission on each insurance policy it sourced on behalf of Global Hawk. GCIB focused on insuring truck drivers, many of whom worked and resided in the Northern District of California. GCIB was headquartered in Livermore, California. Defendant THANDI was the owner and president of GCIB.

9.    Firm 1 was an SEC-registered investment advisory firm organized under the laws of the state of New York, and at all times relevant to this Indictment, its principal place of business was in Henrietta, New York. At all times relevant to this indictment, Defendant JASPREET PADDA was the managing member and chief compliance officer of Firm 1.

10.    On or about August 9, 2016, THANDI and Global Hawk hired Firm 1 and PADDA to act as an investment advisor for Global Hawk. In that role, Global Hawk asserted to its captive manager, Management Company 1, that Firm 1 was managing the investments of Global Hawk's insurance funds in Global Hawk's Stifel accounts. Between 2016 and 2020, Firm 1 created and circulated regular financial statements setting forth Global Hawk's assets, including assets held in the name of Global Hawk in brokerage accounts at Stifel, Nicolaus & Company ("Stifel"), managed by Firm 1.

11.    Firm 1, through PADDA, also provided regular periodic financial statements on behalf of Global Hawk to SAHOTA, knowing that SAHOTA would present them to Management Company 1, as Global Hawk's Vermont-based captive manager, setting forth Global Hawk's assets and the location of those assets. PADDA and SAHOTA caused those Firm 1 statements to be sent to Management Company 1, knowing that Management Company 1 would use them to compile Global Hawk's regulatory filings to the Vermont DFR. Global Hawk was required under Vermont insurance laws and regulations to provide these regular reports to Management Company 1 as evidence that Global Hawk met the minimum capitalization requirements required for a Vermont-domiciled insurance company.

12.    THANDI operated and controlled numerous bank accounts in the name of Global Hawk and other entities that THANDI controlled. These included an account at Mechanics Bank (hereinafter "Mechanics-8399) in the name of Global Hawk. Global Hawk and THANDI used Mechanics-8399 for deposits of insurance coverage payments from Global Hawk's insured members.

INDICTMENT                                        3

13. THANDI also operated and controlled a bank account at Bridge Bank, a division of Western Alliance Bank (hereinafter "Bridge Bank-0831). Global Hawk and THANDI used Bridge Bank-0831 for deposits of insurance coverage payments from Global Hawk's insured members.

14. On or about July 13, 2016, THANDI opened an account at Stifel, Nicolaus & Co., a St. Louis-based financial institution, in the name of Global Hawk (hereinafter "Stifel-0101"). The account opening documents were signed by THANDI as "President" of Global Hawk, and the note "sole officer" was added to the account opening document next to THANDI's signature. The Stifel-0101 account was intended to be used by Global Hawk to invest insurance premiums from Global Hawk's customers.

15. On or about August 7, 2017, THANDI opened another Stifel account (hereinafter "Stifel-2396"). THANDI is listed as the President of Global Hawk on the account opening documents. THANDI is also listed as the only authorized signatory on the account. The Stifel-2396 account was intended to be used by Global Hawk to invest insurance premiums from customers.

<u>The Conspiracy to Commit Insurance Fraud</u>

16. At a date unknown, but beginning no later than May 2018, defendants THANDI, SAHOTA, and PADDA, agreed to and did cause to be submitted false Global Hawk financial statements to the Vermont DFR through its captive manager, Management Company 1. The purpose of these false submissions was to cover up Global Hawk's financial situation and to allow Global Hawk to continue to operate as a Vermont-domiciled insurance company. These financial statements significantly and materially overstated Global Hawk's assets and concealed the fact that Global Hawk was insolvent.

17. In May 2020, after Vermont regulators discovered the misappropriation and Global Hawk's insolvency, Global Hawk was declared insolvent and was liquidated pursuant to a Court order of a Vermont state court. Overstating the value of the assets of Global Hawk, and the later discovery by the Vermont regulators and others, jeopardized the safety and soundness of Global Hawk as an insurer, and these false statements were a significant cause of Global Hawk being liquidated.

*THANDI Obtains Stifel Loans Via Misrepresentations and Without Board Authorization*

18. On or about August 17, 2016, Thandi applied for and was approved for a $6,400,000 Stifel Pledged Asset ("SPA") loan on behalf of Global Hawk and other entities owned by THANDI from Stifel Bank & Trust. This loan was a line of credit at Stifel Bank & Trust from which THANDI could

INDICTMENT                                    4

draw funds on behalf of Global Hawk.  In the application for the line of credit, THANDI falsely asserted that Global Hawk's Board of Directors had authorized the use of Global Hawk's assets held in Stifel-0101 as collateral and had authorized THANDI to apply for and accept the loan on behalf of Global Hawk.  In fact, Global Hawk's board had never given such authorization.  On December 21, 2016, the line of credit was increased to $14,000,000.  Between August 31, 2016, and February 2, 2017, THANDI withdrew $13,875,000 from the first Stifel SPA account, transferring the loan funds to a GCIB bank account at Bank of the West.

19.    On or about March 7, 2017, THANDI was approved for a second Stifel Pledged Asset ("SPA") loan from Stifel Bank & Trust, for $14,750,000, with Global Hawk's assets in Stifel-0101 again pledged as collateral.  As with the application for the first line of credit, in the application for the second Stifel Bank & Trust line of credit, THANDI falsely asserted that Global Hawk's Board of Directors had authorized the use of Global Hawk's assets held in Stifel-0101 as collateral and had authorized THANDI to apply for and accept the loan.  In fact, Global Hawk's board had never given such authorization.

20.    On or about March 9, 2017, THANDI withdrew $13,943,035.63 from the second Stifel SPA loan and used the funds to pay off the first Stifel SPA loan.

*THANDI Misappropriates Global Hawk Funds*

21.    Beginning no later than August 2017, THANDI began misappropriating insurance funds from Global Hawk's accounts at Mechanics Bank, Bridge Bank, and Stifel, transferring funds into outside accounts unrelated to Global Hawk and GCIB's insurance business.  Some of these funds were derived, directly or indirectly, from the funds withdrawn from the first Stifel SPA loan.  Specifically:

      a.    On or about August 15, 2017, THANDI transferred or caused to be transferred $4.5 million from Global Hawk's Mechanics Bank-8399, via a cashier's check signed by THANDI, made out to a separate company controlled by THANDI.

      b.    Between April 20, 2018 and April 25, 2018, THANDI transferred or caused to be transferred $3.1 million out of Global Hawk's Bridge Bank-0831, in three wire transfers, to an account in the name of an entity formed in Livermore, CA, and registered as a business on or about April 5, 2016, with the California Secretary of

State, which lists THANDI as the president, and listed the business purpose as real estate investment.

    c.    On or about January 31, 2019, THANDI transferred $10,719,614 from Global Hawk's Stifel-0101 to pay down the Stifel SPA loan.

    d.    On or about February 6, 2019, THANDI transferred or caused to be transferred $1,189,542.21 from Global Hawk's Stifel-0101, to a Bridge Bank account ending in 4464, held accounts of an entity domiciled in the British Virgin Islands.

*THANDI, SAHOTA, and PADDA Cause Submission of False Filings to Vermont DFR*

22.    To conceal Global Hawk's dire financial situation, which was caused at least in part by THANDI's misappropriation of Global Hawk funds, THANDI, SAHOTA, and PADDA then began creating false documents that resulted in false filings to the Vermont DFR. Specifically, on or about February 25, 2019, THANDI and SAHOTA caused to be submitted to the Vermont DFR Global Hawk's 2018 Annual Statement, which falsely stated that Global Hawk had $44,920,066 in customer assets held in Stifel-0101 and Stifel-2396. This amount matched the December 2018 Firm 1 statement sent by PADDA to SAHOTA setting forth Global Hawk's assets. In fact, the true total balance for Stifel-2396 on December 31, 2018, was $88,663.78. The true total balance for Stifel-0101 on December 31, 2018, was $12,031,444.37.

23.    THANDI and SAHOTA signed the 2018 Annual Statement before a California notary on February 25, 2019, asserting that the annual statement was true and correct. SAHOTA then mailed that signed document from his location in the Northern District of California to Witness 1, who resided in Vermont.

24.    On or about February 20, 2020, THANDI and SAHOTA caused to be submitted to the Vermont DFR Global Hawk's 2019 annual statement, which stated that on December 31, 2019, Global Hawk had $17,856,178 in Global Hawk customer assets in cash in financial accounts at Stifel. In fact, THANDI had closed Global Hawk's Stifel accounts in early 2019 and by December 2019, Global Hawk's Stifel-0101 and Stifel-2396 had zero balance and were inactive.

25.    On or about February 20, 2020, THANDI and SAHOTA signed the 2019 Annual Statement before a California notary, asserting that the annual statement was true and correct.

INDICTMENT               6

1  SAHOTA then mailed that signed document from his location in the Northern District of California to

2  Witness 1, who resided in Vermont.

3        26.    These false statements THANDI, SAHOTA, and PADDA caused to be submitted were

4  material to the Vermont DFR because the agency was required to ensure that insurance companies under

5  its purview were sufficiently capitalized to meet their contractual obligations to their insureds.  The

6  Vermont DFR ensured that it met its regulatory requirements by obtaining what it expected and required

7  to be accurate and truthful information about the insurance company's finances, including its total

8  capitalization.  By falsifying the amount of capital Global Hawk held, THANDI, SAHOTA, and

9  PADDA prevented the Vermont DFR from obtaining an accurate view of Global Hawk's financial

10  situation and from adequately protecting those insured by Global Hawk.

11      *THANDI and SAHOTA Cause Global Hawk to Write "Ghost" Insurance Policies*

12        27.    Global Hawk's 2019 annual statement, signed by THANDI and SAHOTA, contained

13  additional false statements.  In 2017 and 2018, the Vermont DFR became concerned that Global Hawk

14  was undercapitalized, which concern was set forth in letters and other communications to THANDI,

15  SAHOTA, and Global Hawk.  To address these concerns, the Vermont DFR demanded and Global

16  Hawk explicitly agreed that it would not write more than $15.5 million in new insurance policies for

17  calendar year 2019.  Global Hawk's 2019 annual statement affirmed that Global Hawk did, in fact, write

18  only $15.5 million in new insurance policies in 2019.

19        28.    This representation was false.  In fact, Global Hawk wrote more than $15.5 million in

20  new insurance policies in 2019.  Global Hawk concealed that fact by issuing polices with insureds that

21  were not reported to the Vermont DFR.  These policies were referred to as "ghost" policies, because

22  they were off-the-books policies that were never reported to the Vermont DFR.  These false statements

23  were material to the Vermont DFR because the agency was required to ensure that insurance companies

24  under its purview did not bind itself with insurance obligations it could not meet.

25        29.    On May 6, 2020, Witness 1 resigned from Global Hawk's board after discovering that

26  Global Hawk had no assets at Stifel.  Shortly thereafter, Global Hawk collapsed, affecting hundreds of

27  victims who lost insurance funds as a result.  The Vermont DFR seized Global Hawk upon becoming

28  aware that its assets had been overstated and it was insolvent.  In June of 2020, a Vermont state court

INDICTMENT        7

issued an order for Global Hawk to be liquidated.

COUNT ONE:        (18 U.S.C. § 371 – Conspiracy to Commit Insurance Fraud - False Statements to Regulators)

30.    Paragraphs 1 through 29 of this Indictment are re-alleged and incorporated as if fully set forth here.

31.    Beginning no later than May 2018, and continuing through on or about May 31, 2020, in the Northern District of California and elsewhere the defendants,

JASBIR S. THANDI, SANDEEP SAHOTA, and JASPREET PADDA,

did knowingly and willfully conspire with each other and others unknown to the Grand Jury to commit offenses against the United States, namely while engaged in the business of insurance whose activities affect interstate commerce, knowingly, with the intent to deceive, made any false material statement or report or willfully and materially overvalued any land, property or security, in connection with any financial reports or documents presented to any insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of such person, for the purpose of influencing the actions of such official or agency or such an appointed agent or examiner, in violation of Title 18, United States Code Section 1033(a).

32.    To further the conspiracy and effect the objects thereof, the following overt acts, among others, were performed by the named conspirators in the Northern District of California and elsewhere:

a. On or about May 15, 2018, SAHOTA caused to be a submitted to the Vermont DFR the fact of a Mechanics Bank deposit showing a false $2,500,000 deposit into a Global Hawk bank account, which SAHOTA portrayed as a capital contribution to Global Hawk.

b. On or about February 4, 2019, THANDI and SAHOTA caused to be submitted a wire transfer of $10,719,615 from Stifel-0101 to pay down the Stifel SPA loan account.

c. On or about February 6, 2019, THANDI caused to be submitted a wire transfer of $1,189,542.21 from Global Hawk's Stifel-0101, to a Bridge Bank account ending in 4464 held in the name of a THANDI-controlled entity domiciled in the British Virgin Islands.

d. On or about February 22, 2019, PADDA emailed SAHOTA Firm 1 account statements that falsely overstated Global Hawk's assets.

    e.  On or about February 25, 2019, SAHOTA emailed Witness 1 Firm 1 account statements that falsely overstated Global Hawk's assets.

    f.  On or about February 25, 2019, THANDI and SAHOTA signed Global Hawk's 2018 annual filing falsely stating that Global Hawk held $44,920,066 in insurance customer assets in cash in accounts at Stifel.

    g.  On or about February 28, 2019, SAHOTA emailed THANDI and a Stifel representative asking that Global Hawk's Stifel accounts be closed.

    h.  On or about February 20, 2020, PADDA emailed SAHOTA Firm 1 account statements that falsely overstated Global Hawk's assets.

    i.  On or about February 20, 2020, SAHOTA emailed Witness 1 Firm 1 account statements that falsely overstated Global Hawk's assets.

    j.  On or about February 20, 2020, THANDI and SAHOTA signed Global Hawk's 2019 annual filing falsely stating that Global Hawk held $17,856,128 in insurance customer assets in cash in accounts at Stifel and falsely reporting that Global Hawk did not write more than $15.5 million in new insurance policies in 2019.

All in violation of 18 U.S.C. § 371.

COUNT TWO:     (18 U.S.C. §§ 1033(a) & 2 – Insurance Fraud – False Statements to Regulators and Aiding and Abetting)

    33.    Paragraphs 1 through 32 of this Indictment are re-alleged and incorporated as if fully set forth here.

    34.    Beginning on or about February 21, 2019, and continuing through on or about February 25, 2019, in the Northern District of California and elsewhere the defendants,

JASBIR S. THANDI, SANDEEP SAHOTA, and JASPREET PADDA,

being engaged in the business of insurance and whose activities affect interstate commerce did knowingly, with the intent to deceive, make a false material statement or report in connection with any financial reports or documents presented to any insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of such person for the purpose of

INDICTMENT          9

influencing the actions of such official or agency or such an appointed agent or examiner, and aided and abetted such activity; specifically by submitting Global Hawk's 2018 annual financial statement to the Vermont DFR falsely reporting that Global Hawk held $44,920,066 in insurance customer assets in accounts at Stifel.

All in violation of Title 18, United States Code, Sections 1033(a) and 2.

COUNT THREE:        (18 U.S.C. §§ 1033(a), 2 –Insurance Fraud – False Statements to Regulators and Aiding and Abetting)

35.    Paragraphs 1 through 34 of this Indictment are re-alleged and incorporated as if fully set forth here.

36.    Beginning on or about February 12, 2020, and continuing through on or about February 20, 2020, in the Northern District of California and elsewhere the defendants,

JASBIR S. THANDI, SANDEEP SAHOTA, and JASPREET PADDA.

being engaged in the business of insurance and whose activities affect interstate commerce did knowingly, with the intent to deceive, make a false material statement or report in connection with any financial reports or documents presented to any insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of such person for the purpose of influencing the actions of such official or agency or such an appointed agent or examiner, and aided and abetted such activity; specifically by submitting Global Hawk's 2019 annual financial statement to the Vermont DFR falsely reporting that Global Hawk held $17,856,128 in insurance customer assets in cash in accounts at Stifel and falsely reporting that Global Hawk did not write more than $15.5 million in new insurance policies in 2019.

All in violation of Title 18, United States Code, Sections 1033(a) and 2.

COUNT FOUR:        (18 U.S.C. §§ 1033(b), 2 – Insurance Fraud – Misappropriation of Assets and Aiding and Abetting)

37.    The factual allegations of Paragraphs 1 through 36 are re-alleged and incorporated as if fully set forth here.

38.    On or about February 6, 2019, in the Northern District of California and elsewhere the

INDICTMENT                                10

defendant,

JASBIR S. THANDI,

while acting as, or being an officer, director, agent, or employee of any person engaged in the business of insurance whose activities affect interstate commerce did willfully embezzle, misappropriate, or purloin the moneys, funds, premiums, credits, or other property of such entity engaged in the business of insurance, and aided and abetted such activity; specifically, THANDI misappropriated Global Hawk insurance customer assets through, among others, the following transaction: a wire transfer of $1,189,542.21 from Global Hawk's Stifel-0101, to a Bridge Bank account ending in 4464 held in the name of a THANDI-controlled entity domiciled in the British Virgin Islands.

All in violation of Title 18, United States Code, Sections 1033(b) and 2.

COUNT FIVE:          (18 U.S.C. § 1033(b), 2 –Insurance Fraud – Misappropriation of Assets and Aiding and Abetting)

39.    The factual allegations of Paragraphs 1 through 38 are re-alleged and incorporated as if fully set forth here.

40.     On or about February 4, 2019, in the Northern District of California and elsewhere the defendant,

JASBIR S. THANDI,

while acting as, or being an officer, director, agent, or employee of any person engaged in the business of insurance whose activities affect interstate commerce did willfully embezzle, misappropriate, or purloin the moneys, funds, premiums, credits, or other property of such entity engaged in the business of insurance, and aided and abetted such activity; specifically, THANDI misappropriated Global Hawk insurance customer assets through, among others, the following transaction: a wire transfer of $10,719,615 from Stifel-0101 to pay off the Stifel SPA loan.

All in violation of Title 18, United States Code, Section 1033(b) and 2.

COUNTS SIX AND SEVEN:          (18 U.S.C. § 1344(1), (2) – Bank Fraud)

41.    The factual allegations of Paragraphs 1 through 40 of this Indictment are re-alleged and incorporated as if fully set forth here.

42.    Beginning at a date unknown, but no later than on or about August 1, 2016, and

INDICTMENT                                      11

continuing through a date unknown, but no later than May 31, 2020, in the Northern District of

California and elsewhere, the defendant

JASBIR S. THANDI

and others known and unknown to the Grand Jury, did knowingly, and with the intent to defraud, devise

and execute, and attempt to execute, a material scheme and artifice to defraud a financial institution, and

to obtain moneys, funds, credits, assets, and other property that were then under the custody and control

of a financial institution, by means of materially false and fraudulent pretenses, representations, and

promises; specifically, THANDI misrepresented to Stifel Bank & Trust, a depository institution insured

by the Federal Depository Insurance Corporation, that Global Hawk's board had authorized him to enter

into a loan with Stifel Bank & Trust and to pledge Global Hawk insurance assets as collateral.

Execution of the Scheme

43.    On or about the date set forth in the counts below, in the Northern District of California

and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to

do so, defendant conducted or caused to be conducted the following financial transaction, among others:

| COUNT | DATE | FINANCIAL TRANSACTION |
|-------|------|----------------------|
| SIX | 08/17/2016 | Stifel Bank & Trust approval of $6,400,000 line of credit in the name of Global Hawk and another THANDI-controlled entity. |
| SEVEN | 03/07/2017 | Stifel Bank & Trust approval of $14,750,000 line of credit in the name of Global Hawk and two other THANDI-controlled entities. |

All in violation to Title 18, United States Code, Section 1344(1) and (2).

FORFEITURE ALLEGATION:        (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

44.    The allegations contained in this Indictment are re-alleged and incorporated by reference

for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

Title 28, United States Code, Section 2461(c).

45.    Upon conviction for any of the offenses set forth in this Indictment, the defendants,

JASBIR S. THANDI, SANDEEP SAHOTA, and JASPREET PADDA,

1  shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

2  Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived

3  from proceeds the defendant obtained directly and indirectly, as the result of those violations.  If any of

4  the property described above, as a result of any act or omission of the defendant:

5           a.    cannot be located upon exercise of due diligence;

6           b.    has been transferred or sold to, or deposited with, a third party;

7           c.    has been placed beyond the jurisdiction of the court;

8           d.    has been substantially diminished in value; or

9           e.    has been commingled with other property which cannot be divided without

10                difficulty,

11  the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

12  United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

13         All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code,

14  Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

15

16  DATED: November 16, 2023                      A TRUE BILL.

17                                                */s/ Foreperson of the Grand Jury*
                                                  FOREPERSON
18

19  ISMAIL J. RAMSEY
    United States Attorney
20

21  */s/ David J. Ward*
    DAVID J. WARD
22  ABRAHAM FINE
    Assistant United States Attorneys
23

24

25

26

27

28

INDICTMENT                                13