CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

DAVIDJ. WARD (CABN 239504)
EVAN MATEER (CABN 326848)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    david.ward@usdoj.gov
    evan.mateer@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-CR-00428 JST |
| Plaintiff, | |
| v. | **STIPULATED MOTION FOR ORDER OF RESTITUTION; ORDER** |
| JASBIR THANDI, SANDEEP SAHOTA, JASPREET PADDA and GUNJAN AGGARWAL | Hearing Date: July 10, 2026, 9:30 am<br>Judge; Honorable Jon S. Tigar<br>Location: Courtroom 2, Oakland Federal Building |
| Defendants | |

## I.    INTRODUCTION

The parties in this case have met and conferred and submit this Stipulated Motion asking the

Court, based on the factual and legal analysis below, to enter an order for restitution in this case as to all

four defendants in the amount of $38,829,382.  The parties further ask that the Court order that

restitution be distributed pursuant to the Court's Order Regarding Restitution filed on February 12,

2026. *Dkt. 188*.  Finally, the parties ask that the Court vacate the restitution hearing set in this matter for

July 10, 2026.

MOTION FOR ORDER OF RESTITUTION                    1
23-CR-00428 JST

## II.    LEGAL STANDARD

The Mandatory Victim's Restitution Act of 1996 (MVRA) makes restitution mandatory for certain crimes, including "any offense committed by fraud or deceit."  18 U.S.C. § 3663A(a)(1), (c)(1)(A).  In order to codify and guarantee procedural rights for crime victims, Congress in 2004 passed the Crime Victims' Rights Act (CVRA).  *See Fed. Ins. Co. v. United States*, 882 F.3d 348, 357 (2nd Cir. 2018) (describing legislative history).  The CVRA accords victims specific rights, including "[t]he right to full and timely restitution as provided in law."  18 U.S.C. §  3771(a)(6).

The MVRA defines a "victim" as "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2); *see also United States v. Lo*, 839 F.3d 777, 788 (9th Cir. 2016).  For crimes that require proof of a "scheme, conspiracy, or pattern of criminal activity,"  restitution may be ordered for "all persons directly harmed by the entire scheme." 18 U.S.C. § 3663A(a)(2).

Restitution can only be ordered to compensate victims for losses that can be determined to a reasonable degree of certainty. *See United States v. Holmes 673 F .Supp. 3d. 1049, 1055* ND. Cal. (May 2023), *citing United States v. Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011); *see also United  States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008). 543. F.3d 546, 557 (9th Cir. 2008).  ("the district court may utilize only evidence that possesses 'sufficient indicia of reliability to support its probable accuracy.").

Under the MVRA, "[i]n no case is the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. §  3664(f)(1)(B).  However, insurance settlements, or other settlements in federal or state civil proceedings, may entitle the defendant to a reduction in the restitution total, once that total amount is determined.  *See United States v. Crawford,* 169 F.3d 590, 593 (9th Cir. 1999).  An offset is only applicable for the same loss. *Id.*

## III.    FACTUAL BACKGROUND

### a.  Procedural History

This case involves a years-long insurance fraud conspiracy that led to the collapse of Global Hawk Risk Retention Group (Global Hawk) and Houston General Insurance Exchange (HGIE) in 2020.

MOTION FOR ORDER OF RESTITUTION                    2
23-CR-00428 JST

When regulators in Vermont and then Texas discovered the fraud, the companies were seized and shuttered pursuant to state court orders. Liquidators, overseen by state insurance regulators and state courts, were appointed to oversee the dissolution of the companies.

        b.   *Sentencings*

All of the four defendants in this case have pled guilty and agreed to pay restitution in an amount set by the Court.  Two defendants, Gunjan Aggarwal and Jaspreet Padda, have been sentenced.[1] Defendant Sahota is scheduled to be sentenced on August 14, 2026, and defendant Thandi is scheduled to be sentenced on August 28, 2026. *Dkt. 210, 219.*  At the time of Padda and Aggarwal's sentencing, a restitution amount had not been agreed to. The Court scheduled a restitution hearing for July 10, 2026 if the parties were unable to reach agreement on a restitution total.

        c.   *Order on Restitution*

On January 7, 2026, the Court held a hearing on the government's motion proposing a procedure for distributing restitution payments, which requested that any restitution payments be distributed to the Commissioner of the Vermont Department of Financial Regulation, which has overseen the liquidation of Global Hawk, and the Texas Department of Insurance, which oversaw the liquidation and receivership of HGIE. *Dkt. 169.*  Following that hearing, the Court issued an Order Regarding Restitution directing that all restitution payments in this case be made to the Clerk of the Court, who will be instructed to timely remit those funds to the Vermont Liquidator and the Texas Receiver, who will then distribute all funds pursuant to applicable state law. *Dkt. 188.*  The allocation of the distributions of restitution between Vermont and Texas was left to be set in a future order of the Court.  *Id.*

Based on the analysis below, the parties ask that the Court order that $33,212,463, approximately 85.5 percent of the total, be distributed to the Commissioner of the Vermont Department of Financial Regulation (DFR), in his role as the Global Hawk liquidator, and that $5,616,919, approximately 14.5 percent of the total, be distributed to the Commissioner of the Texas Department of Insurance in his role as Receiver for HGIE.

---

[1] *See Dkts. 212, 215.* On April 27, defendant Aggarwal was sentenced to 18 months in custody; on May 8, defendant Padda was sentenced to 30 months in custody.

MOTION FOR ORDER OF RESTITUTION       3
23-CR-00428 JST

*d.  Restitution Calculations*

During the liquidation process, the Texas and Vermont regulators overseeing the liquidation of Global Hawk (Vermont) and HGIE (Texas), each conducted a  forensic analysis of their insolvent company's outstanding liabilities and assets.  The Texas Receiver initially estimated that HGIE's liabilities totaled approximately $13.2 million.  The Vermont liquidator initially estimated that total liabilities from Global Hawk's collapse were $46.1 million.

The Vermont liquidator subsequently established three primary classifications for loss or potential loss from the Global Hawk fraud; 1) all loss claims submitted to the Vermont DFR that have already determined by the Liquidator and approved by the Vermont Superior  Court; 2) claims that have been submitted to the Vermont DFR and have been assigned a preliminary valuation by the Liquidator, but have not yet received final approval from the Vermont Superior Court, and 3) a "bulk reserve," which the DFR describes as "a best estimate of the remaining policy-related claim obligations" but for which no specific claims have been submitted  *See Commissioner of the Dept. of Financial Regulation v Global Hawk Insurance Co.* 196-5020 Wncv (Feb. 11, 2026 Vermont Superior Court) (Liquidator's Tenth Status Report, Annual Accounting, and Fourth Report of Claims).  *See also Dkt. 165* (United States Motion for Order of Restitution, Ex. B *Affidavit of J. David Leslie, Special Deputy Liquidator of Global Hawk Insurance Company Risk Retention Group*.

In Vermont, the Liquidator has identified and secured approximately $5.2 million in assets that can be used to offset losses, including $1.5 million in cash on hand at the time of Global Hawk's collapse, and $3.7 million settlement obtained from Lloyd's of London.  *Id.*  at ¶¶ 6, 19.  Additionally, defendant Padda paid $55,000 to settle civil charges filed by the Vermont liquidator related to the Global Hawk collapse.  *See Dkt. 214* (Padda Sentencing Memorandum).

In Texas, TDI's total loss calculation included the total for all claims paid out by the Texas Property and Casualty Insurance Guaranty Association (TIGCPA),[2] unsecured creditor claims submitted to the liquidator, and administrative costs. *See State of Tex. v. Houston Gen. Ins. Exch. & Houston Gen.*

---

[2] Under Texas' insurance regulatory framework, policy claims made to an insolvent insurance company are in some cases paid by a guaranty association, subject to statutory limitations. *See Dkt. 165* (United States Motion for Order of Restitution, Ex. C (*Decl. of David Ashton, Attorney, TDI*).

MOTION FOR ORDER OF RESTITUTION                 4
23-CR-00428 JST

*Ins. Mgmt. Co.,* No. D-1-GN-20-003004 (98th Dist. Ct., Travis County, Tex. filed 10/2/2023).  As was done in Vermont, the Texas regulators also calculated an estimate of total loss in order to establish, for accounting purposes, a sufficient reserve estimates.

### IV.    STIPULATED RESTITUTION AGREEMENT

Given the facts and legal framework outlined above, the parties stipulate and agree that the following tables accurately reflect the amount of losses for which restitution is warranted;

### Global Hawk Risk Retention Group

| Name | Amount |
|---|---|
| **Liabilities:** | |
| Priority Class 1 | |
|    Admin. Expenses | $2,000,000 |
| Priority Class 3 | |
|    Allowed/Reported | $20,242,059 |
|    Determined | $25,294 |
|    Liquidator Loss Valuations (Not Yet Court Approved) | $15,632,384 |
| Priority Class 6 | $567,762 |
| **Total Liabilities** | **$38,467,499** |
| **Assets** | |
|    Cash at Liquidation | ($1,500,036) |
|    Lloyd's Settlement | ($3,700,000) |
|    Padda Settlement | ($55,000) |
| **GH Total:** | **$33,212,463** |

### Houston General Insurance Exchange

| Name | Amount |
|---|---|
| **Liabilities:** | |
| Administrative Expenses Paid | $183,877 |
| TIGCPA Claims Paid | $4,769,200 |
| Unsecured Creditor Claims | $822,727 |
| **Total Liabilities** | **$5,775,804** |
| **Assets** | |
|    Cash at Liquidation | ($158,885) |
| | |
| **HGIE Total:** | **$5,616,919** |
| | |
| **TOTAL:** | **$38,829,382** |

MOTION FOR ORDER OF RESTITUTION            5
23-CR-00428 JST

## V.      CONCLUSION

For the foregoing reasons, the parties stipulate and jointly request that the Court issue a restitution order of  $38,829,382, and order that  all restitution payments received by the Clerk of the Court shall be distributed as follows: 85.5% to the Vermont Liquidator, through the Vermont Department of Financial Regulation, and 14.5% to the Texas Department of Insurance (to a maximum of $5,616,919), provided that (and pursuant to the Court's Order of February 12, 2026) if, at any time, there are no further unpaid claimants from the Vermont Department of Financial Regulation and the Texas Department of Insurance liquidation/receivership processes, all further restitution obligations shall be extinguished.

DATED: July 2, 2026                                    CRAIG H. MISSAKIAN
                                                       United States Attorney


                                                       /s/ *David Ward*
                                                       DAVID J. WARD
                                                       EVAN MATEER
                                                       Assistant United States Attorneys

                                                       /s/ *with permission*
                                                       JOSHUA SABERT LOWTHER
                                                       Attorney for Defendant Jasbir Thandi


                                                       /s/ *with permission*
                                                       MIRANDA KANE
                                                       JORDAN DICKSON
                                                       Attorneys for Defendant Sandeep Sahota


                                                       /s/ *with permission*
                                                       BRENDAN HICKEY
                                                       NAOMI CHUNG
                                                       Attorneys for Defendant Gunjan Aggarwal


                                                       /s/ *with permission*
                                                       CANDICE FIELDS
                                                       Attorney for Defendant Jaspreet Padda

MOTION FOR ORDER OF RESTITUTION                6
23-CR-00428 JST

**[~~PROPOSED~~] ORDER**

Based upon the facts set forth in the parties Stipulated Motion, and for good cause shown, the Court hereby vacates the July 10, 2026 restitution hearing.  Restitution for each defendant will be timely ordered based on the parties stipulated restitution total of $38,829,382, subject to the terms and conditions stated in the Court's February 12, 2026 Order Regarding Restitution, which remains in effect

All payments towards restitution received by the Clerk of the Court shall be distributed 85.5% to Vermont Department of Financial Regulation (to a maximum of $33,212,463) and 14.5% to the Texas Department of Insurance (to a maximum of $5,616,919), provided that (and pursuant to the Court's Order of February 12, 2026) if, at any time, there are no further unpaid claimants from the Vermont Department of Financial Regulation and the Texas Department of Insurance liquidation/receivership processes, all further restitution obligations shall be extinguished.

**IT IS SO ORDERED**.

Dated:  July 2, 2026

HON. JON S. TIGAR
United States District Judge

MOTION FOR ORDER OF RESTITUTION          7
23-CR-00428 JST